UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH BROWN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>RICHARD SURYAN,<br><br>　　　　　　　　　　Defendant. | No. C10-5613 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is pending. On August 27, 2010, Plaintiff filed his proposed civil rights complaint. Dkt. 1. Upon review, the court declines to serve the Complaint because Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

**FACTUAL BACKGROUND**

In his complaint, Mr. Brown seeks $50,000.00 in damages and asks that his sentence be "rectified" because he believes his counsel, Richard Suryan, was ineffective in encouraging him to enter a plea bargain. Mr. Brown believes that at the time Mr. Suryan was encouraging him to enter into that plea bargain, Mr. Brown was aware that a state witness had given a statement on March 11, 2010 in which she was proclaiming Mr. Brown's innocence. Dkt. 1-1, p. 2. The docket indicates that Mr. Brown is currently incarcerated at the Larch Corrections Center in

ORDER TO AMEND OR SHOW CAUSE- 1

Yacolt, Washington. However, there is nothing in the record to indicate whether he is currently in custody pursuant to the plea agreement mentioned in his complaint. There is also nothing in the record to indicate whether the sentence and judgment resulting from that plea agreement has been reversed on appeal.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

ORDER TO AMEND OR SHOW CAUSE- 2

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

ORDER TO AMEND OR SHOW CAUSE- 3

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.  Here, it appears Mr. Brown seeks damages and release from a conviction that has not yet been challenged in the state courts.  Because Mr. Brown seeks an earlier release from confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his sentence is through a habeas corpus petition, which he must first file in state court.

Due to the deficiencies described above, the court will not serve the complaint.  Mr. Brown may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 1, 2010.**  If Mr. Brown chooses to file an amended complaint, which seeks relief cognizable under 42 U.S.C. §

ORDER TO AMEND OR SHOW CAUSE- 4

1983, his amended complaint shall consist of a short and plain statement showing that he is entitled to relief, and he must allege with specificity the following:

1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

2) the dates on which the conduct of each defendant allegedly took place; and

3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Brown shall set forth his factual allegations in separately numbered paragraphs. The amended complaint shall operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Brown shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labelled the "First Amended Complaint" and Cause Number C10-5185 RJB/KLS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

If Mr. Brown decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 1, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER TO AMEND OR SHOW CAUSE- 5

If Mr. Brown decides that he has no claim for violation of his constitutional rights but that the relief he seeks is solely related to the restoration of his good time, then he has the option of filing a writ of habeas corpus. However, he is reminded that before he may file a 2254 petition for writ of habeas corpus in this Court, he must exhaust his state judicial remedies.

**The Clerk is directed to send Mr. Brown the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

DATED this  9th  day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 6