UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH BROWN,

                Plaintiff,

   v.

RICHARD SURYAN,

                Defendant.

No. C10-5613 RBL/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: October 29, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  The Court ordered Plaintiff Joseph Brown to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983.  Dkt. 3.  Mr. Brown filed an Amended Complaint (Dkt. 4), but that amendment suffers from the same deficiencies as his original complaint.  The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

**BACKGROUND**

On August 27, 2010, Mr. Brown filed an application to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint.  Dkts. 1 and 1-1.  The court has not ruled on the IFP application, pending resolution of Mr. Brown's pleading deficiencies.

REPORT AND RECOMMENDATION - 1

In his original complaint, Mr. Brown seeks $50,000.00 in damages and asks that his sentence be "rectified" because he believes his counsel, Richard Suryan, was ineffective in encouraging him to enter a plea bargain. Mr. Brown believes that at the time Mr. Suryan was encouraging him to enter into that plea bargain, Mr. Brown was aware that a state witness had given a statement on March 11, 2010 in which she was proclaiming Mr. Brown's innocence. Dkt. 1-1, p. 2. The docket indicates that Mr. Brown is currently incarcerated at the Larch Corrections Center in Yacolt, Washington. However, there is nothing in the record to indicate whether he is currently in custody pursuant to the plea agreement mentioned in his complaint. There is also nothing in the record to indicate whether the sentence and judgment resulting from that plea agreement has been reversed on appeal.

By Order dated September 9, 2010, advised Mr. Brown that his pleading was deficient because it appears that Mr. Brown seeks damages and release from a conviction that has not yet been challenged in the state courts. Because Mr. Brown seeks an earlier release from confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his sentence is through a habeas corpus petition, which he must first file in state court. Dkt. 3, p. 4. Although it found the complaint deficient, the court granted Mr. Brown leave to amend or to show cause why his complaint should not be dismissed. *Id.*

Mr. Brown filed a First Amended Complaint on September 24, 2010. Dkt. 4. Upon review, however, that this complaint is also deficient.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

REPORT AND RECOMMENDATION - 2

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Id*.  While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct

REPORT AND RECOMMENDATION - 3

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

REPORT AND RECOMMENDATION - 4

State remedies must be exhausted except in unusual circumstances.  *Granberry*, *supra*, at 134.  If state remedies have not been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

In his First Amended Complaint, Mr. Brown simply restates the allegations that were contained in his original complaint.  He seeks to recover damages from his public defender, Richard Suryan, because Mr. Suryan knowingly and intentionally encouraged Mr. Brown to enter into a plea bargain even though Mr. Suryan knew that a witness had recanted her statement against Mr. Brown.  Dkt. 4, p. 3.   Again, Mr. Brown seeks damages for a conviction that has not yet been challenged in the state courts.  However, there is no allegation contained in the Amended Complaint that the conviction or sentence of which Mr. Brown complains has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal.  Thus, Plaintiff shall not be permitted to seek monetary damages or pursue such claims via section 1983 without first successfully petitioning for his release and/or expungement of his sentence or conviction imposed by the state trial court.

Mr. Brown was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to show cause and properly plead such an action in this court.  He has failed to do either.

## CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983.  The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28**

REPORT AND RECOMMENDATION - 5

**U.S.C. 1915 (g).**  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 29, 2010,** as noted in the caption.

DATED this  6th   day of October, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6